UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER C. CAPSHAW,

     Plaintiff,

v.                            Case No. 8:21-cv-2414-CEH-NHA

J.C. THOMAS and A. MASON,

     Defendants.

_____/

## ORDER

In this civil rights action, *pro se* Plaintiff Christopher C. Capshaw alleges that Defendants J.C. Thomas and A. Mason unlawfully arrested him based on false accusations that he possessed illegal drugs and weapons. (Doc. 6). This matter is before the Court on Defendants' Motion to Dismiss the Amended Complaint. (Doc. 26). Although afforded the opportunity, (Doc. 28), Capshaw did not respond to the Motion. Upon consideration, and being fully advised in the premises, the Court will **GRANT** the Motion to Dismiss.

## I.    Background[1]

On June 14, 2020, Officers Thomas and Mason of the Pasco County Sheriff's Office responded to a "911 call." (Doc. 6 at 9). The Amended Complaint does not

---

[1] The following statement of facts is derived from the Amended Complaint, (Doc. 6), the allegations of which the Court must accept as true in ruling on the Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

describe the circumstances of the call. The officers eventually "established no wrongdoing" and told Capshaw he was "free to leave." (*Id.*) Twenty-five minutes later (and "1.5 miles" from the scene of the 911 call), Officer Thomas stopped Capshaw, asked him to "get off [his] bike," and handcuffed him. (*Id.*) Capshaw was placed in the back of a police cruiser and told to wait for Officer Mason to return. (*Id.*)

Upon Officer Mason's arrival, Officer Thomas opened the door to the police vehicle, reached into his "right pocket," and showed Capshaw a "package." (*Id.*) Officer Thomas said, "I like that [package] you left me." (*Id.*) He then put the "package" back in his pocket and asked to "search [Capshaw's] things." (*Id.*) After the search, Officer Thomas said, "We can make all this go away if you make a controlled buy," and "You know you're an ex-felon." (*Id.*) At this point, the officers allegedly arrested Capshaw based on "false accusation[s]" that he possessed "concealed weapons" and illegal drugs. (*Id.* at 9-10). Capshaw "had no such weapons or drugs"; he was "just going home from work with [his] tools." (*Id.*)

Capshaw ultimately pled guilty to one count of possession of a weapon by a felon and one count of possession of a controlled substance without a prescription. *State v. Capshaw*, No. 2020-CF-4243, Doc. 106 (Fla. 6th Jud. Cir. Ct.).[2] He received a total sentence of thirty-six months in prison. *Id.*

---

[2] The Court takes judicial notice of court documents from Capshaw's state criminal case. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1076 n.2 (11th Cir. 2013) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state [court] action.").

After this civil rights action was filed, the Court screened Capshaw's original Complaint under 28 U.S.C. § 1915A. (Doc. 5). The Court dismissed the Complaint without prejudice, and Capshaw filed an Amended Complaint. (Docs. 5, 6). Liberally construed, the Amended Complaint asserts claims for "false arrest" under the Fourth Amendment and "deni[al] [of] freedom of speech" under the First Amendment. (Doc. 6 at 9). As relief, Capshaw seeks $150,000 in damages and an order returning his "tools" "at no cost." (Doc. 10).

Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 26). They argue that (1) Capshaw fails to state a claim for false arrest and fails to plead "facts sufficient to support . . . a violation of his First Amendment rights," (2) Officers Thomas and Mason are entitled to qualified immunity, (3) Capshaw's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (4) the Amended Complaint is an impermissible shotgun pleading. (*Id.* at 2-3).

## II.     Legal Standard

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to

relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.  Discussion

After careful review, the Court concludes that the Motion to Dismiss is due to be granted. First, Capshaw fails to allege any facts supporting a claim under the First Amendment. Second, the false arrest claim is barred by *Heck* because a judgment in Capshaw's favor would necessarily imply the invalidity of his state-court convictions.[3]

### A.    First Amendment

Capshaw fails to state a claim under the First Amendment. "In determining whether the government has violated free speech rights, the initial inquiry is whether the speech or conduct affected by the government action comes within the ambit of the First Amendment." *One World One Fam. Now v. City of Miami Beach*, 175 F.3d 1282, 1285 (11th Cir. 1999). "To determine whether particular conduct possesses sufficient communicative elements to bring the First Amendment into play," courts ask "(1)

---

[3] Because the Amended Complaint is subject to dismissal on these two grounds, the Court need not decide whether Defendants are entitled to qualified immunity. *See Carver v. Nelson*, 672 F. App'x 984, 985 (11th Cir. 2017) ("Because we conclude that the district court correctly determined that [plaintiff's] claims were barred under *Heck*, we decline to consider whether . . . [defendant] was entitled to qualified immunity as to the claims against him in his individual capacity."). In addition, the Court finds that the Amended Complaint is not a shotgun pleading because it "give[s] the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

whether [a]n intent to convey a particularized message was present, and (2) whether the likelihood was great that the message would be understood by those who viewed it." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1336 (11th Cir. 2021) (internal quotation marks and citation omitted). Although he claims that the officers "denied [his] freedom of speech," (Doc. 6 at 9), Capshaw does not allege any facts showing that he engaged in speech or "expressive conduct" during his arrest, *Burns*, 999 F.3d at 1336. Accordingly, Capshaw fails to plead a violation of his First Amendment rights.

The Court previously dismissed this claim on the ground that Capshaw "fail[ed] to allege any facts implicating rights protected by" the First Amendment. (Doc. 5 at 5). Because further amendment would be futile, the Court dismisses the First Amendment claim with prejudice. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

**B.   False Arrest**

Capshaw alleges that Officers Thomas and Mason unlawfully arrested him based on "false accusation[s]" that he possessed "concealed weapons" and illegal drugs. (Doc. 6 at 9-10). *Heck* bars this claim. Under *Heck*, a plaintiff's § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The plaintiff may proceed only after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

habeas corpus." *Id.* at 486-87. Simply put, a "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit []—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Heck* rule is based on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Capshaw's false arrest claim rests on the assertion that Defendants "false[ly] accus[ed]" him of possessing "concealed weapons" and illegal drugs. (Doc. 6 at 9-10). As noted above, Capshaw ultimately pled guilty to one count of felon in possession of a weapon and one count of possession of a controlled substance without a prescription. *State v. Capshaw*, No. 2020-CF-4243, Doc. 106 (Fla. 6th Jud. Cir. Ct.). A finding that Capshaw did not possess any weapons or illegal drugs "would necessarily imply the invalidity of his conviction[s]" for possessing those items. *Heck*, 512 U.S. at 487. Thus, because Capshaw does not—and cannot—allege that his convictions have been invalidated, *Heck* bars his claim for false arrest. *See, e.g.*, *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that *Heck* barred "damages claims [that] rest[ed] on the contention that the defendants unconstitutionally conspired to convict [plaintiff] of crimes he did not commit"); *Williams v. Peach Cnty. L. Enf't Ctr.*, No. 22-10323-J, 2022 WL 18492375, at *1 (11th Cir. Sept. 30, 2022) ("Because [plaintiff] claimed that he was 'falsely accused' of, and imprisoned for, 'bogus' charges, a civil judgment in his favor under § 1983 necessarily would imply the invalidity of the underlying conviction

6

for which he was imprisoned."); *Clement v. McCarley*, 708 F. App'x 585, 589 (11th Cir. 2017) ("[Plaintiff's] false arrest claim was barred by *Heck*. His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted.").[4]

## IV.   Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss the Amended Complaint, (Doc. 26), is **GRANTED**.

   a.  The First Amendment claim is **DISMISSED with prejudice**.

   b.  The false arrest claim is **DISMISSED without prejudice** under *Heck*. *See Petersen v. Overstreet*, 819 F. App'x 778, 779 (11th Cir. 2020) ("[C]ases barred by *Heck* . . . are typically dismissed without prejudice.").

2. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on July 1, 2024.

---

[4] It appears that Capshaw is no longer incarcerated. (Doc. 14). Thus, he may be unable to pursue a federal habeas petition challenging his convictions. However, *Heck* still applies here because Capshaw "could have appealed the [convictions in state court] and, had he prevailed, his § 1983 claims would not be barred by *Heck*." *Vickers v. Donahue*, 137 F. App'x 285, 289 (11th Cir. 2005); *see also Baker v. City of Hollywood*, No. 08-60294-CIV, 2008 WL 2474665, at *7 (S.D. Fla. June 17, 2008) (holding that, although "a habeas corpus action [was] currently unavailable to Plaintiff," *Heck* still barred his claims because he had previous opportunities "to seek relief from his conviction"), *aff'd*, 391 F. App'x 819 (11th Cir. 2010).

Charlene Edwards Honeywell
United States District Judge